FILED
NOV - 6 2014
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Pauletta Higgins, )
)
Plaintiff, )
)
v. )  Case: 1:14-cv-01881
)  Assigned To : Unassigned
Hamilton County Juvenile Court, *et al.*, )  Assign. Date : 11/6/2014
)  Description: TRO/PI
Defendants. )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis*, her *pro se* civil complaint, and "Emergency Motion for TRO." The Court will grant the application, deny the motion, and dismiss the complaint.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of*

1

*Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79). As drafted, the complaint fails to meet these goals.

Plaintiff, who is a resident of the District of Columbia, Compl. at 2 (page numbers designated by the Court), alleges that authorities in Hamilton County, Ohio have removed plaintiff's minor child from her custody, *see id.* at 4, 10. Although plaintiff purports to bring this action under 42 U.S.C. § 1983 "base[d] on fact of discrimination base[d] on disability, civil rights violations, abuse of process, retaliation, conspiracy [and] hate crimes," *id.* at 11, at most she presents conclusory allegations while offering little or no factual support. Absent factual allegations from which the Court may make a "reasonable inference that [a] defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556), the complaint fails to state a claim upon which relief can be granted. Furthermore, because an action generally must be brought in the judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located," 28 U.S.C. § 1391(b)(1), or the district "in which a substantial part of the events or omissions giving rise to the claim occurred . . . ," *id.* § 1391(b)(2), it does not appear that this district is the appropriate forum for adjudication of plaintiff's claims.

Plaintiff also fails to demonstrate that injunctive relief is warranted. "The standard for issuance of the extraordinary and drastic remedy of a temporary restraining order or a preliminary injunction is very high . . . and by now very well established." *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72-73 (D.D.C. 2007) (internal quotation marks and citation omitted). A temporary restraining order maybe granted without notice to defendants only if "specific facts in an affidavit or a verified complaint clearly show that

2

immediate injury, loss, or damage will result to the [plaintiff] before the [defendants] can be heard in opposition," and if plaintiff "certifies in writing any efforts made to give notice and reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Plaintiff neither makes the requisite showing nor indicates what efforts, if any, she has made to notify defendants. Even if plaintiff had notified defendants properly, her motion merely lists the injunctive relief she demands – return of her child. *See* Emer. Mot. for TRO at 2 (page number designated by the Court). She fails to demonstrate "(1) a substantial likelihood of success on the merits, (2) that [she] would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995).

The Court will dismiss the complaint and deny plaintiff's motion for a temporary restraining order. An Order consistent with this Memorandum Opinion is issued separately.

/s/
United States District Judge

DATE: 11/5/2014

3